IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ruben Silva Aguilar, #340998, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 4:17-2257-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Ruben Silva Aguilar's ("Aguilar") untimely objections, which the court treats as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies Aguilar's motion.

On October 3, 2017, Magistrate Judge Rogers recommended summarily dismissing Aguilar's 28 U.S.C. § 2254 petition. (R&R, ECF No. 15.) Objections to the Report and Recommendation were due by October 17, 2017. The court granted an extension of time to file objections to the Report and Recommendation by November 1, 2017. After receiving no timely objections and determining that there was "no clear error on the face of the record," Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), the court adopted the Report and Recommendation and summarily dismissed Aguilar's 28 U.S.C. § 2254 petition in an order dated November 13, 2017. (Nov. 13, 2017 Order, ECF No. 23.) Aguilar filed objections to the Report and Recommendation, which he dated November 17, 2017, and were stamped received by the prison mailroom on November 20, 2017. (Mot. Alter or Amend 1, Ex. 1 (Envelope), ECF Nos. 26 & 26-1.) As a result, the objections are untimely. See Djenasevic v. U.S. Dep't of

1

Justice, No. 15-6076, 604 Fed. App'x 328, 328 (Mem.) (4th Cir. Jun. 16, 2015) (unpublished) (holding that, under the prison mailbox rule, the date the inmate delivers a legal document to prison officials for mailing, rather than the date prison officials process the deposited mail, is the date of filing). Aguilar offers no excuse or reason for his tardiness. Based on the foregoing, the court construes Aguilar's untimely objections as a motion to alter or amend the judgment. Green v. Reynolds, Civil Action No. 5:15-4867-RMG, 2016 WL 4162634, at *1 (D.S.C. Aug. 4, 2016) (unpublished).

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Upon review, Aguilar does not identify an intervening change in controlling law, new evidence, or any clear error of law made in the court's earlier judgment. Rather, Aguilar repeats his earlier arguments from his factual explanation regarding his untimeliness. (Factual Explanation, ECF No. 9.) Based on the foregoing, the court finds that Aguilar has made no showing of error in the court's November 13, 2017 Order. Therefore, Aguilar's motion is denied.

It is therefore

**ORDERED** that Aguilar's untimely objections, which the court construes as a motion to alter or amend the judgment, docket number 26, is denied.

**IT IS SO ORDERED.**

                                                                        s/Henry M. Herlong, Jr.
                                                                        Senior United States District Judge

Greenville, South Carolina
November 30, 2017

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.